OPINION
Appellant Johnnie Randle appeals the Stark County Juvenile Court's decision to declare Michelle Mahoney a hostile witness under Evid.R. 607. Appellant also claims the juvenile court's decision finding him guilty of carrying a concealed weapon is against the manifest weight and sufficiency of the evidence. The following facts give rise to this appeal. On July 20, 1999, at approximately 9:50 p.m., Canton City Police Officers Nick Mercorelli and Robert Flaherty observed a 1983 black, two-door Cadillac blocking the roadway. The officers stopped the vehicle. Prior to pulling over, the officers observed two occupants of the vehicle making movements such as leaning over. Because of concern for officer safety, Officer Mercorelli removed appellant, the driver, from the vehicle. When appellant exited the vehicle, Officer Mercorelli heard an odd sound hit the pavement. Officer Mercorelli looked down and saw that a single copper bullet had hit the concrete. Upon other officers arriving at the scene, the remaining three occupants were removed from the vehicle. The officers performed a search of the vehicle and discovered a nine millimeter handgun under the driver's seat and a .25 caliber handgun under the rear of the driver's seat. Officer Mercorelli also observed a magazine, belonging to the nine millimeter handgun, sticking out of a black purse that was located on the front seat of the vehicle, between the driver and passenger seat. On July 20, 1999, appellant was arrested and charged with carrying a concealed weapon. This matter proceeded to trial, before a magistrate, on July 28, 1999. Following the completion of appellant's trial, the magistrate found appellant delinquent by reason of carrying a concealed weapon and ordered that appellant receive an indefinite commitment to the State Department of Youth Services for a period of six months. Appellant filed an objection to the magistrate's findings on August 11, 1999. The juvenile court overruled appellant's objection on September 14, 1999. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration.
 I. THE COURT ERRED IN NOT SUSTAINING THE JUVENILE'S OBJECTIONS TO THE MAGISTRATE'S PERMITTING THE STATE TO IMPEACH ITS OWN WITNESS, MICHELLE MAHONEY, WITH PRIOR INCONSISTENT STATEMENTS, ABSENT EVIDENCE OF SURPRISE AND AFFIRMATIVE DAMAGE, IN VIOLATION OF RULE 607 OF THE OHIO RULES OF EVIDENCE, AND THE MAGISTRATE RULING PERMITTING THE STATE TO IMPEACH ITS OWN WITNESS, MICHELLE MAHONEY WITH EXTRINSIC HEARSAY TESTIMONY PRESENTED BY ANOTHER WITNESS, OFFICER MERCORELLI, CONTRARY TO OHIO LAW.
 II. THE COURT'S JUDGMENT FINDING JOHNNIE RANDLE DELINQUENT BY REASON OF CARRYING A CONCEALED WEAPON IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I
In his First Assignment of Error, appellant contends the magistrate erred when he permitted Appellee State of Ohio to impeach its own witness, Michelle Mahoney, with prior inconsistent statements, absent evidence of surprise and affirmative damage, in violation of Evid.R. 607. We agree. The facts pertinent to this assignment of error concern the testimony of Ms. Mahoney. The prosecutor called Ms. Mahoney to the stand and began questioning her. Appellant objected to the questioning on the basis that the prosecutor was leading the witness. Tr. at 49. The magistrate overruled appellant's objection and the prosecutor asked the magistrate to declare Ms. Mahoney a hostile witness based on her statement she gave to Officer Mercorelli. Id. at 49-50. In support of her request, the prosecutor further stated:
 I talked to her earlier today she indicated to me um an hour ago whenever I talked to her that ah she didn't make a statement she knew nothing about this ah and I indicated to her and told her what her statement had been to Officer Mercorelli she said she never wrote anything and she never signed anything. The state would ask that she be declared a hostile witness so that we can cross examine her. Id. at 50.
After further questioning by the prosecutor and the magistrate, the magistrate declared Ms. Mahoney a hostile witness. Id. at 52. The magistrate declared Ms. Mahoney a hostile witness under Evid.R. 607. This rule addresses who may impeach and provides, in pertinent part, as follows:
 (A) Who may impeach The credibility of a witness may be attacked by any party except that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage. This exception does not apply to statements admitted pursuant to Evid.R. 801(D)(1)(a), 801(D)(2), or 803.
Under Evid.R. 607, the issue of surprise is a factual one. State v. Reed (1981), 65 Ohio St.2d 117, 125. "The decision as to whether a party is taken by surprise is entrusted to the sound discretion of the trial court." State v. Blair (1986), 34 Ohio App.3d 6,9, citing State v. Diehl (1981), 67 Ohio St.2d 389, 391. "Surprise is adequately demonstrated if the testimony is materially inconsistent with the prior statement, and counsel did not have reason to believe the witness would change his testimony." Blair at 9, citing Reed at 125. "Affirmative damage", as used in Evid.R. 607, "* * * occurs if the party's own witness testifies to facts that contradict, deny, or harm that party's trial position." Blair at 9, citing State v. Stearns (1982),7 Ohio App.3d 11, 15. The state maintains that if we conclude it failed to conform to Evid.R. 607, it was harmless error. The state further contends it would have been permitted to impeach Ms. Mahoney's testimony pursuant to Evid.R. 614 by requesting the magistrate to call her as a court's witness. The state could have then impeached Ms. Mahoney's testimony by calling Officer Mercorelli as a witness. Based on statements made by the prosecutor during appellant's trial, we find the magistrate abused his discretion in declaring Ms. Mahoney a hostile witness under Evid.R. 607 because the prosecutor was not surprised by Ms. Mahoney's testimony that she did not make a statement to Officer Mercorelli. The prosecutor stated, during trial, that she had talked to Ms. Mahoney earlier in the day and knew Ms. Mahoney intended to testify that she did not make a statement to Officer Mercorelli. Tr. at 50. Our conclusion is supported by the case of State v. Holmes (1987), 30 Ohio St.3d 20. In the Holmes case, the state commenced its direct examination of a prosecution witness regarding statements she allegedly made to certain Mansfield police officers prior to trial. Id. at 21. The witness denied making any such statements to the police. Id. Thereafter, the state began to impeach its own witness. Id. This occurred prior to a declaration by the trial court that the witness was hostile. Id. The trial court subsequently declared the witness hostile after further questioning. Id. at 22. On appeal to this court, we reversed and remanded for a new trial finding that "* * * the prosecution herein * * * placed alleged prior inconsistent statements into evidence by way of impeachment, thus doing indirectly what it could not achieve directly." State v. Holmes (Apr. 15, 1986), Richland App. No. CA-2363, unreported, at 2. On appeal to the Ohio Supreme Court, the Court affirmed our decision granting the defendant a new trial and found that the state knew several days before trial that the witness would deny making the alleged statements. Holmes, 30 Ohio St.3d at 23. Thus, the Court concluded that in the absence of surprise, it was error for the trial court to declare the witness hostile Id. at 24. Further, we do not agree with the state's argument that its failure to comply with Evid.R. 607 constituted harmless error. The only case we found that reached such a conclusion is the Blair case, supra. The court of appeals concluded, in Blair, that the state could not establish, under Evid.R. 607, that it was surprised or damaged by the testimony of a witness. Blair at 9. However, the court found that the defendant was not entitled to a new trial due to the overwhelming evidence of the defendant's guilt. In the case sub judice, we do not find the reasoning in Blair applicable because the record in this matter does not establish overwhelming evidence that appellant was guilty of this crime. The two guns were found under the driver's seat of a vehicle not owned by appellant. The police found the magazine to the nine millimeter handgun in Ms. Mahoney's purse. Had the handguns been discovered on appellant's person, the holding in Blair would be more persuasive. Appellant's First Assignment of Error is sustained.
We will not address appellant's Second Assignment of Error as we find it moot based on our disposition of appellant's First Assignment of Error.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
HOFFMAN, P.J. and READER, V.J. CONCUR.